**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 19-1407**

———————

CANDI M. LUMPKIN,

        Plaintiff - Appellant,

     v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:17-cv-00030-JLK-JCH)

———————

Submitted: May 19, 2020                      Decided: June 10, 2020

———————

Before DIAZ and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David J. Cortes, Richmond, Virginia; Joel Cunningham, Jr., Halifax, Virginia, for Appellant. Eric P. Kressman, Regional Chief Counsel, Stephen Giacchino, Supervisory Attorney, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Thomas T. Cullen, United States Attorney, Brittany J. Gigliotti, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Candi M. Lumpkin appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Lumpkin's applications for disability insurance benefits and supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Lumpkin's claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's

judgment upholding the denial of benefits.[*] *Lumpkin v. Comm'r of Soc. Sec.*, No. 4:17-cv-00030-JLK-JCH (W.D. Va. Mar. 19, 2019).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We discern no merit in Lumpkin's contention that the district court and the magistrate judge misapplied the treating physician's rule, *see Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (brackets omitted), and the two-part pain test articulated in *Craig v. Chater*, 76 F.3d 585, 593-96 (4th Cir. 1996).